480 P.2d 1007

**UNITED BANK OF ARIZONA, Appellant,**

v.

**ROMANOSKI GLASS AND MIRROR CO., Inc., Appellee.**

**No. 1 CA–CIV 1365.**

Court of Appeals of Arizona,
Division 1,
Department B.
Feb. 23, 1971.

Shimmel, Hill & Bishop, by James B. Rolle, III, Phoenix, for appellant.

Douglas C. Howard, Tucson, for appellee.

HAIRE, Judge.

The questions raised on this appeal relate to the enforceability by the appellant-assignee bank of an assignment of monies due a subcontractor pursuant to a construction contract. The trial court entered judgment in favor of the debtor, Romanoski Glass and Mirror Co., Inc., thereby finding in effect that the assignment had no legal significance. For the reasons hereinafter set forth, the judgment must be reversed.

The trial court's judgment was predicated upon defendant Romanoski's motion for judgment on the opening statements and arguments of counsel, after consideration of the exhibits admitted in evidence by stipulation, the pre-trial statement, and the trial court's assertion that "there would be nothing added to the record by testimony of witnesses, because we have written contracts here, and we have stipulations and pre-trial statements as to who was paid and who paid it, and who it was paid to."

In order to justify judgment for the defendant based upon a plaintiff's opening statement, the opening statement must clearly preclude any possible recovery by the plaintiff. As stated by the Arizona Supreme Court in Trollope v. Koerner, 106 Ariz. 10, 14, 470 P.2d 91, 95 (1970):

"It [the judgment on the opening statement] is tolerated, only, as a means of ending quickly a cause that clearly cannot be won. We have no rule or statute which requires that a party make an opening statement, and consequently disposition is justified only when a party has said 'too much,' rather than 'too little,' as where a plaintiff makes a fatal admission or unequivocally reveals an absolute defense. Such a motion for directed verdict should never be granted without giving the opposing party an opportunity to amend or supplement his statement, or to make an avowal or an offer of proof. * * * We must assume plaintiffs' ability to prove the facts so advanced, and we must also view the stated and proffered facts before us in the light most favorable to plaintiffs' position. So viewing the facts, the court cannot properly grant the motion unless the admissions of counsel are conclusive upon *every theory of liability presented*

*by the pleadings."* (Footnotes omitted). (Emphasis in original).

With the record so considered, the facts before the trial court show that the subcontractor was awarded a contract by Romanoski, that thereafter for a valuable consideration the subcontractor executed an assignment of the proceeds to become due under the contract to the bank, which assignment was accepted in writing by Romanoski. The full amount which became due on the contract was thereafter paid by Romanoski directly to the subcontractor, thereby ignoring completely the assignment. At all relevant times, the subcontractor was indebted to the assignee-bank in an amount substantially in excess of the assigned funds. Prior to the time of the filing of its complaint, the bank had been able to ascertain that of the total funds paid directly to the subcontractor by Romanoski in six separate checks, $3,138.70 had actually been received by the bank in payments from the subcontractor. This left a balance of $1,969.30, which was the amount sued for in the complaint.

■■ From a reading of the transcript it is obvious that in rendering his decision the trial judge was laboring under misconceptions of two very elementary principles of assignment law. First, he apparently adopted the defendant's contention that because Romanoski had paid in full the contract amount directly to the assignor-subcontractor, this somehow made it impossible for Romanoski to be liable to the assignee-bank. The cornerstone of assignment law is that when notice of an assignment is given to and received by the debtor, he becomes liable to pay the assignee, and his subsequent payment to the original obligee-assignor does not relieve him of that liability. Bank of Yuma v. Arrow Construction Co., 106 Ariz. 582, 480 P.2d 338, filed February 4, 1971; 13 Am.Jur.2d Building and Construction Contracts § 92 (1964). Here, Romanoski's payment directly to the subcontractor did not lessen his obligation to the bank pursuant to the

assignment. Nor do the trust provisions of A.R.S. § 44–805, subsec. B [1] affect Romanoski's liability to the assignee-bank. The statutory language relied upon concerns a situation where the assignor had wrongfully received payment from the debtor and reads as follows:

> "Until such payment is made to the assignee, the assignor or any persons claiming by, through, or under him shall hold such money and property in trust for the assignee."

This provision merely gives the assignee additional remedies against the assignor and persons claiming through him, and does not in any way purport to lessen the assignee's rights against the debtor.

■ The second apparent basis for the trial court's decision was that the assignment was not supported by consideration flowing from the assignee-bank directly to the debtor, Romanoski. Without question the assignment from the subcontractor to the bank was supported by valuable consideration flowing from the bank to the subcontractor. No further consideration is necessary to support the obligation imposed by law upon the debtor after receiving notice of the assignment. 6 C.J.S. Assignments § 69, at 1120 (1937). The absence of consideration flowing from the assignee-bank to the debtor, Romanoski, is immaterial.

From the foregoing it is obvious that defendant's motion for judgment should not have been granted. In fact, were it not for the affirmative defenses of laches and estoppel asserted by defendant, the stipulated and admitted facts would require the entry of judgment for plaintiff. Inasmuch as the trial court did not consider these affirmative defenses raised by the defendant, we will not discuss the same or set forth the admitted facts which might be pertinent thereto. Suffice it to say that the admitted facts were not sufficient to support either of these defenses.

1. Thereafter repealed, Laws 1967, Ch. 3, § 6, effective January 1, 1968. *See* A.R.S. § 44–3118.

The judgment of the trial court is reversed and the matter remanded for further proceedings not inconsistent with this opinion.

JACOBSON, P. J., and EUBANK, J., concur.